101 F.3d 687
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
U.S.
v.
PACCIONE.
 Nos. 95-1532(L), 95-1659.
 United States Court of Appeals, Second Circuit.
 June 25, 1996.
 
 1
 Appeal from the United States District Court for the Southern District of New York.
 
 
 2
 Charles A. Singer, Salvatore J. Marinello, Mineola, NY, for Appellant.
 
 
 3
 Arthur S. Katz, Sonnenschein Nath & Rosenthal, NY, for Appellee.
 
 
 4
 S.D.N.Y.
 
 
 5
 AFFIRMED.
 
 
 6
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York, and was argued by counsel.
 
 
 7
 ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the orders of said District Court be and they hereby are affirmed.
 
 
 8
 Dominick Vulpis ("Dominick") appeals from orders of the United States District Court for the Southern District of New York, Constance Baker Motley, Judge, (1) granting the petition of Louis D'Angelo, in his capacity as trustee and receiver for the United States in connection with certain property ("D'Angelo" or "Trustee"), for (a) his appointment as receiver of certain real estate companies (the "companies"), and (b) a declaration that the Trustee has the right to vote company shares that formerly belonged to defendant Anthony Vulpis and were under the Trustee's control (the "AV shares"); and (2) denying Dominick's cross-petition for a declaration that Dominick owned the AV shares as a result of an oral agreement by the Trustee and the government to sell the AV shares to Dominick. On appeal, Dominick contends principally that the district court erred in ruling that proof of the alleged oral agreement was barred by the parol evidence rule. Finding no merit in his contentions, we affirm.
 
 
 9
 We reject Dominick's challenge to the district court's ruling that the parol evidence rule barred proof of the alleged oral agreement by the government to sell Dominick the AV shares as part of the government's written agreement to sell the assets of Rosedale Carting, Inc. ("Rosedale") to K.C. Waste Services, Inc. ("K.C.Waste"), and we affirm substantially for the reasons stated in Judge Motley's Memorandum Opinion dated November 7, 1995. Dominick's reliance on Lee v. Joseph E. Seagram & Sons, Inc., 552 F.2d 447 (2d Cir.1977), reflecting the proposition that the parol evidence rule does not bar proof of contracts that are collateral to the integrated writing, is misplaced. The Lee Court found, for several reasons, that the oral agreement at issue there was not one that the parties would ordinarily be expected to include in the written agreement. These reasons included the facts that the oral agreement in no way contradicted any term of the written agreement and that the written contract did not include the "customary integration clause." In the present case, Dominick's contention that the government's alleged oral agreement to sell the AV shares to him was entirely collateral to the written asset purchase agreement is belied by his companion contention that the consideration to be received by the government for selling him the AV shares was to be part of the $6.2 million consideration paid by K.C. Waste pursuant to the asset purchase agreement. Further, the latter contention is inconsistent with the written agreement's provision that the $6.2 million was consideration for the transfer of the Rosedale assets. Moreover, Dominick was not a party to the written agreement, and the writing stated that the agreement was "for the sole benefit of the parties" to the agreement and their assignees and not for any third parties other than the government and the Trustee. The agreement also provided that "[n]o amendment, modification or alteration of the terms or provisions of this Agreement shall be binding unless the same shall be in writing and duly executed by the parties hereto." Given the terms of the written agreement and the applicability of the parol evidence rule, no evidentiary hearing was required.
 
 
 10
 We see no abuse of discretion in the court's appointment of D'Angelo to serve as receiver of the realty companies.
 
 
 11
 We have considered all of Dominick's contentions on this appeal and have found them to be without merit. The orders of the district court are affirmed.